UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW,<br><br>  Plaintiff,<br><br>  v.<br><br>BUTTE COUNTY SUPERIOR COURT, et al.,<br><br>  Defendants. | No. 2:17-cv-1028-JAM-EFB P<br><br>ORDER GRANTING IFP AND RECOMMENDATION OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a pretrial detainee proceeding without counsel in an action brought under 42 U.S.C. § 1983. She seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.     Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed without leave to amend. It alleges that plaintiff is being denied a speedy trial in the Superior Court of California, County of Butte. Plaintiff fears that the judge will find she is incompetent to stand trial and will order that she be forcibly medicated. Her request for relief includes: (1) an order removing the judge from her state case; (2) an order reinstating her right to

a speedy trial; and (3) an order dismissing the state court's competency hearing. The complaint names the Butte County Superior Court and the state judge assigned to her case as defendants.

As an initial matter, the complaint fails to name a proper defendant for a § 1983 lawsuit. The state court is not a "person" within the meaning of § 1983, but rather an arm of the state. Arms of the state, such as the courts, are immune from suit under the Eleventh Amendment. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). Moreover, plaintiff may not pursue a claim against the defendant judge based upon the judge's rulings and other acts taken in his judicial capacity. *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) (section 1983 "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity").

This action is also subject to dismissal because this court may not interfere with the state-ordered competency hearing or otherwise provide plaintiff with the relief she seeks. As a matter of comity, federal courts may not enjoin pending state criminal proceedings where there is an adequate opportunity to raise the federal question at issue, except under extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 49, 53 (1971); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Although plaintiff claims the trial judge is "biased" (ECF No. 1 at 5), she has not shown that the state court fails to afford her "an opportunity to raise [her] constitutional claims" or that exceptional circumstances warrant this court's interference with the pending state prosecution. *Id.* at 49.

For these reasons, plaintiff's complaint must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 4, 8, 10) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Butte County Sheriff filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 7, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE